In the Matter of PETER G. SCHMIDT, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 15, 1988

## APPEARANCES OF COUNSEL

*Hal R. Liebermann* of counsel *(Michael A. Gentile,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

The Departmental Disciplinary Committee for the First Judicial Department seeks an order (1) rejecting respondent Peter G. Schmidt's affidavit of resignation and the Hearing Panel's recommendation of acceptance, and (2) immediately suspending respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) pending determination of charges against him. Respondent's attorney Michael B. Pollack moves to be relieved as respondent's counsel.

Respondent Peter G. Schmidt was admitted to practice law in the Appellate Division, First Department, on March 13, 1961. Since his admission to the Bar, he has maintained an office for the practice of law within the First Judicial Department. By motion returnable March 7, 1988, respondent's affidavit of resignation and the Committee's recommendation of acceptance were submitted to this court. That motion is still pending.

In his affidavit of resignation, Schmidt acknowledges under oath that while serving as an escrow agent pursuant to a stock purchase agreement in which his client, H. C. Sleigh Netherland, B.V. (hereinafter Sleigh), agreed to acquire a 50% stock interest in a coal company named AOV Industries, Inc., he wrongfully diverted escrow funds to a commingled Swiss bank account, failed to pay over the escrow funds when due on August 4, 1986 and repeatedly supplied misleading information to Sleigh as to the status and location of the escrow account. At the time of the submission of his affidavit, he had made full restitution ($2,300,000 plus $211,500 in interest and $150,000 in legal fees).

In its present motion, the Committee asserts that recently discovered uncontroverted evidence exists that respondent wrongfully misappropriated funds belonging to another client during the period in which he was under investigation by the Committee for the Sleigh escrow conversion. Specifically, on April 18, 1988 the Committee received a letter from Thomas E. Engel, Esq., with documentation, detailing Schmidt's con-

version of $1,019,500 of funds belonging to a client, Constantin Dumba (hereinafter Dumba). The specific facts of the conversion are as follows: On February 23, 1987, Schmidt transferred $125,000 from Dumba's account at the M&T Bank to his law firm's account. On June 11, 1987, respondent procured a bank check drawn on Dumba's account at the M&T Bank for $149,500 payable to the order of "R.R. Cripps", a person who does not exist. On July 8, 1987, Schmidt instructed M&T Bank to transfer $250,000 from Dumba's account to an account that Schmidt maintained at the same bank. On August 28, 1987, Schmidt withdrew $495,000 from Dumba's $500,000 line of credit with LBS Bank and had the funds transferred to his law firm's account.

On February 25, 1988, Schmidt acknowledged under oath that the above-stated withdrawals were without authorization and executed a confession of judgment in favor of Dumba for $1,100,000. Upon information and belief, Schmidt took a flight from New York to Miami on February 26, 1988 and has not been seen since by his wife or business associates. Information provided by Federal authorities indicates that respondent might be in Nassau or elsewhere in the Bahamas at the present time. According to the Committee, Schmidt has defaulted in all supplemental proceedings pursuant to the confession of judgment.

The Committee states its strong belief, based on the foregoing evidence, that respondent is not a fit candidate for resignation from the Bar, and that he constitutes a clear and present danger to the public, his clients and to the integrity of the Bar.

Respondent's counsel Michael B. Pollack moves for an order granting him permission to be relieved from this case. He asserts that he has had no contact with respondent over the last two months and does not know his client's present whereabouts. Telephone calls to Schmidt's law office have been answered by a recorded message which states that the number has been disconnected. On a personal visit to Schmidt's law office, Pollack was advised that his client was no longer in the suite and had left the country. Conversations with Schmidt's wife concerning Schmidt's whereabouts proved fruitless. None of respondent's associates knows of his whereabouts.

No response has been received from counsel or respondent himself with respect to the merits of the Committee's present motion.

The evidence reveals that respondent's affidavit of resignation did not contain any reference to his conversion of Dumba's funds. This is so despite the fact that he converted the funds while under investigation for the Sleigh escrow conversion. In addition, he has defaulted in supplemental proceedings pursuant to the confession of judgment in the Dumba matter and his flight from the country will make satisfaction of the judgment unlikely.

In view of the seriousness of the charges against him and his less than forthright affidavit of resignation, the affidavit dated November 17, 1987 is rejected. Respondent's admissions in his affidavit and confession of judgment that he has misappropriated over $2,000,000 of clients' funds constitutes professional misconduct immediately threatening the public interest. Therefore, respondent is suspended immediately from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) pending determination of the charges against him.

It is further ordered that Michael Pollack's motion to be relieved as counsel is granted in light of his inability to contact or locate his client.

KUPFERMAN, J. P., ROSS, KASSAL, ROSENBERGER and SMITH, JJ., concur.

Respondent's affidavit of resignation rejected; petitioner's application for suspension of respondent granted and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York effective immediately and until the further order of this court; counsel's application to be relieved granted.